**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4162

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

GORDON LLOYD SWARTZ, IV,

        Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  John Preston Bailey, District Judge.  (5:22-cr-00039-JPB-JPM-1)

Submitted:  February 26, 2024                     Decided:  April 17, 2024

Before KING and GREGORY, Circuit Judges, and MOTZ, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Frank C. Walker, FRANK WALKER LAW, Clairton, Pennsylvania, for Appellant.  William Ihlenfeld, United States Attorney, Carly Cordaro Nogay, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gordon Lloyd Swartz, IV, appeals his convictions and the 168-month sentence imposed after he pled guilty, pursuant to a plea agreement, to unlawful possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(3), 924(a)(2) ("§ 922 conviction"); and failure to appear, in violation of 18 U.S.C. § 3146(a)(1). Swartz asserts that the district court reversibly erred by not addressing all of his arguments in support of a lesser sentence and he challenges the district court's calculation of his offense level under the cross-reference in U.S. Sentencing Guidelines Manual (USSG) § 2k2.1(c)(1)(A). Swartz also asserts that 18 U.S.C.§ 922(g)(3), USSG § 2K2.1(b)(6)(B), and USSG § 2K2.1(c)(1)(A)(3) are unconstitutional under *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111, 2130 (2022) (holding that the government must justify firearms prohibitions by showing that they are consistent with the nation's historical tradition of firearms regulations). Finding no error, we affirm.

We generally review a sentence for "reasonableness" by applying the "deferential abuse-of-discretion standard." *United States v. McCain*, 974 F.3d 506, 515 (4th Cir. 2020) (internal quotation marks omitted). In doing so, "our inquiry proceeds in two steps." *United States v. Friend*, 2 F.4th 369, 379 (4th Cir. 2021). "We must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the [Sentencing] Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.* (internal quotation marks omitted).

2

"In assessing whether a district court properly calculated the Guidelines range, including its application of any sentencing enhancements, [we] review[] the district court's legal conclusions de novo and its factual findings for clear error." *United States v. Pena*, 952 F.3d 503, 512 (4th Cir. 2020) (internal quotation marks omitted). "[C]lear error exists only when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Slager*, 912 F.3d 224, 233 (4th Cir. 2019) (internal quotation marks omitted).

If we find that a district court committed procedural error in imposing a defendant's sentence, we must "reverse unless we conclude that the error was harmless." *United States v. Lynn*, 592 F.3d 572, 576 (4th Cir. 2010). "To avoid reversal for non-constitutional, non-structural errors . . . , the party defending the ruling below (here, the Government) bears the burden of demonstrating that the error was harmless, i.e. that it did not have a substantial and injurious effect or influence on the result." *Id.* at 585 (internal quotation marks omitted). "Only if we determine that the sentence is procedurally reasonable do we then proceed to substantive reasonableness by considering the totality of the circumstances." *Friend*, 2 F.4th at 379 (internal quotation marks omitted).

In contrast, a sentencing error to which an objection was not made is "unpreserved" and "is reviewed only for plain error." *United States v. Covington*, 65 F.4th 726, 730 (4th Cir. 2023). "To preserve an objection at sentencing, a defendant must raise the issue to the district court with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *Id.* (internal quotation marks omitted). Stated differently, an argument is preserved for appeal only "if the party . . . press[es the issue] and [does] not

3

merely intimate the argument during the proceedings before the district court." *Wards Corner Beauty Acad. v. Nat'l Accrediting Comm'n of Career Arts & Scis.*, 922 F.3d 568, 578 (4th Cir. 2019) (internal quotation marks omitted). Thus, "a general objection to sentence length does not preserve a specific allegation of error unless the context makes the finer, more-specific objection obvious." *Covington*, 65 F.4th at 730 (cleaned up). Moreover, "lodging one specific claim of procedural sentencing error before the district court does not preserve for appeal a different claim of procedural sentencing error." *Id.* (cleaned up).

"To find plain error, four things must be true: there must (1) be an error, that is (2) clear or obvious, rather than subject to reasonable dispute, that (3) affected the outcome at the district court, and that (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 730-31 (internal quotation marks omitted). Unlike harmless error review, the defendant bears the burden of establishing that he is entitled to relief under the plain error standard of review. *See Greer v. United States*, 141 S. Ct. 2090, 2097 (2021).

"Only if we determine that the sentence is procedurally reasonable do we then proceed to substantive reasonableness by considering the totality of the circumstances." *Friend*, 2 F.4th at 379 (internal quotation marks omitted). In considering the substantive reasonableness of a sentence, this court "takes into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (internal quotation marks omitted). "[A]ny sentence that

is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Gillespie*, 27 F.4th 934, 945 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 143 S. Ct. 164 (2022). A defendant can only rebut that presumption "by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." *United States v. Bennett*, 986 F.3d 389, 401 (4th Cir. 2021) (internal quotation marks omitted).

First, we conclude that the district court committed no error in relying on the cross-reference in USSG § 2K2.1(c)(1)(A) to apply USSG § 2D1.1 in calculating Swartz's offense level. Under USSG § 2K2.1(c)(1)(A), a cross reference to USSG § 2X1.1 is appropriate if the "defendant used or possessed a firearm in connection with another offense," *United States v. Nale*, 101 F.3d 1000, 1003 (4th Cir. 1996), which in this case was a drug offense. Under Application Note 14(B)(ii) to USSG § 2K2.1, when the other offense is "a drug trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia[,] . . . application of subsection[] . . . (c)(1) is warranted because the presence of the firearm has the potential of facilitating another . . . offense." Application Note 14(C) to USSG § 2K2.1 further explains that "another offense" means "any federal . . . offense . . . regardless of whether a criminal charge was brought, or a conviction obtained."

We discern no clear error in the district court's determination that the firearm found in Swartz's possession had the potential to facilitate another offense. *See United States v. Jenkins*, 566 F.3d 160, 163 (4th Cir. 2009) (stating standard of review and holding that, "[i]n the case of a drug trafficking offense, Application Note 14(B) provides that when 'a

5

firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia' the firearm *necessarily* 'has the potential of facilitating another felony offense' and thus Section 2K2.1(b)(6) applies" (emphasis added)).

We also discern no error in the manner in which the district court conducted Swartz's sentencing hearing or in the court's explanation for the imposed 168-month sentence. It is true that, in imposing a sentence, a district court "must place on the record an individualized assessment based on the particular facts of the case before it"; the explanation "need not be elaborate or lengthy, but it must provide a rationale tailored to the particular case at hand and adequate to permit meaningful appellate review." *United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted). However, a district court is not required "to address every argument a defendant makes," and "we have held that district courts need not robotically tick through § 3553(a)'s every subsection," *United States v. Arbaugh*, 951 F.3d 167, 174 (4th Cir. 2020) (internal quotation marks omitted), "particularly when imposing a within-Guidelines sentence," *United States v. Powell*, 650 F.3d 388, 395 (4th Cir. 2011) (internal quotation marks omitted).

Thus, the adequacy of a "court's explanation depends on the complexity of each case" and the sentencing court need only have "said enough to satisfy us that [it] has considered the parties' arguments and has a reasoned basis for exercising its own legal decision-making authority." *Arbaugh*, 951 F.3d at 174 (cleaned up). When evaluating the adequacy of a sentencing explanation, this court reads "the record and the district court's explanation . . . as a whole." *Id.* at 177. We have reviewed Swartz's sentencing

6

memorandum and the transcript of Swartz's sentencing hearing and conclude that the district court was aware of and considered Swartz's nonfrivolous arguments for a lesser sentence.

Lastly, we reject Swartz's argument that he is not a "prohibited person" under § 922(g), USSG § 2K2.1(b)(6)(B), and USSG § 2K2.1(c)(1)(A). Although Swartz argues that the foregoing provisions are unconstitutional (as applied to him) under *Bruen*, Swartz did not raise this argument in the district court. After reviewing this assignment of error for plain error, we reject Swartz's argument. *See United States v. Claybrooks*, 90 F.4th 248, 256 (4th Cir. 2024) (rejecting *Bruen* challenge to constitutionality of 18 U.S.C. §§ 922(g)(3), (j), and (n) on plain error review after concluding that "[t]he contours of *Bruen* continue to solidify in district and appellate courts across the nation" and collecting cases showing that "there is no consensus").

Based on the foregoing, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*